SUAREZ, J.
International Yacht Group, LLC., and Robert E. Damas (“International Yacht”) petition for a writ of certiorari to the circuit court to quash an order overruling objections to Miami Yacht & Engine Works, LLC’s., (“Miami Yacht”) request to produce and for protective order. We have jurisdiction. Fla. R.App. P. 9.030(b)(2)(A). Because the trial court overruled the objections and required production of all the documents without first determining if, in fact, Miami Yacht is a member of the Agreement in question, we grant the petition for writ of certiorari in part and remand with instructions for an in camera inspection of the documents requested.
Miami Yacht sued International Yacht to enforce its rights pursuant to section 608.4101, Florida Statutes (2010),[1] to obtain records of the LLC, as is required under the statute upon request of a member. Miami Yacht alleged that it was a member under the LLC’s Operating Agreement[2] and attached a list of the records requested, including federal, state, and local income tax returns, operating agreement, cash or services contributed by each member and other records of all members of the company. International Yacht filed an answer and affirmative defenses, including that Miami Yacht failed to state a cause of action, as it was not a member of International Yacht, and that it lacked standing to bring the action, failing to attach to the complaint proof of membership. Miami Yacht filed a first request to produce which included the same rec *932 ords and documents sought to be obtained in its complaint based upon membership in the corporation. International Yacht filed objections to the first request to produce and moved for a protective order. International Yacht claims to have documents proving that Miami Yacht is no longer a member and therefore not entitled to the statutory documents requested. The problem is that International Yacht argues it is not required to produce until trial, on the issue of whether or not Miami Yacht is a member, not only the statutorily required documents, but also the documents it claims prove Miami Yacht is not a member. The trial court denied the motion for protective order and ordered production of the documents without first making a finding on whether or not Miami Yacht is a member of the Operating Agreement.
Miami Yacht alleged that it was a member of International Yacht pursuant to the Operating Agreement, later provided a copy of the Operating Agreement listing it as a member, and then filed a request to produce the same information it had requested in the complaint. The requested corporate information reasonably related to the operation of International Yacht is required to be provided under section 608.4101, Florida Statutes (2010). See Merovich v. Huzenman, 911 So.2d 125 (Fla. 3d DCA 2005) (holding that operating agreements attached to the complaint demonstrating membership in LLC precludes dismissal of count to inspect records under section 608.4101).[3]
International Yacht’s argument, that it does not have to produce until trial any documents, either those required by statute or those it claims proves Miami Yacht is not a member, is not correct. The rules of discovery and the statute in question are designed to enable both parties to have the necessary information prior to going to trial. Therefore, we quash the order in part, approve the order in part and remand to the trial court to determine in camera by inspection of the documents requested to be produced, those documents which relate to, in any way, the issue of whether or not Miami Yacht is a member under the Agreement. Those documents are to be produced to Miami Yacht. Should it then be determined that Miami Yacht is a member, International Yacht shall produce the requested information reasonably related to the operation of International Yacht as required under section 608.4101.
Petition for writ of certiorari granted in part; remanded with directions.

. 608.4101 Records to be kept; right to information.—
[[Image here]]
(2) A limited liability company shall provide members and their agents and attorneys access to its records at the limited liability company’s principal office, or other reasonable locations specified in the operating agreement. The limited liability company shall provide former members and their agents and attorneys access for proper purposes to records pertaining to the period during which they were members. The right of access provides the opportunity to inspect and copy records during ordinary business hours. The limited liability company may impose a reasonable charge, limited to the costs of labor and material, for copies of records furnished.
(3) A limited liability company shall furnish to a member, and to the legal representative of a deceased member or member under legal disability;
(a) Without demand, information concerning the limited liability company’s business or affairs reasonably required for the proper exercise of the member's rights and performance of the member's duties under the operating agreement or this chapter; and
(b) On demand, other information concerning the limited liability company’s business or affairs, except to the extent the demand or the information demanded is unreasonable or otherwise improper under the circumstances, (emphasis supplied)

. The Operating Agreement listing Miami Yacht as a member was attached as an exhibit to Answers to Interrogatories served after the filing of the complaint.

. We do not address the affirmative defense alleging the invalidity of the Operating Agreement as it is an evidentiary issue to be determined by the trial court.